# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ONGKARUCK SRIPETCH; AMANDA FLORES; BREHNEN KNIGHT; ANDREW MCALPINE, ASHMIT PATEL; MICHAEL WEXLER; DOMINIC WILLIAMS; ADTRON INC. a/k/a STOCKPALOOZA.COM; ATG INC.; DOIT, LTD.; DOJI CAPITAL, INC.; KING MUTUAL SOLUTIONS INC.; OPTIMUS PRIME FINANCIAL INC.; ORCA BRIDGE; REDLINE INTERNATIONAL; and UAIM CORPORATION,<br><br>Defendants. | Case No.: 20-cv-01864-H-AGS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Doc. No. 78.] |

On July 17, 2023, Plaintiff Securities and Exchange Commission ("SEC") filed a motion for leave to file an amended complaint. (Doc. No. 78.) To date, no opposition has been filed to the SEC's motion. A hearing on the SEC's motion is currently scheduled for Monday, August 14, 2023 at 10:30 a.m. The Court, pursuant to its discretion under Civil

Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing.  For the reasons below, the Court grants the SEC's motion for leave to file an amended complaint.

### Background

On September 21, 2020, the SEC filed a complaint against Defendants Ongkaruck Sripetch, Amanda Flores, Brehnen Knight, Andrew McAlpine, Ashmit Patel, Michael Wexler, and Dominic Williams ("the Individual Defendants") and against Defendants Adtron Inc. aka Stockpalooza.com, ATG Inc., DOIT Ltd., Doji Capital, Inc., King Mutual Solutions Inc., Optimus Prime Financial Inc., Orca Bridge, Redline International, and UAIM Corporation ("the Entity Defendants"), alleging various claims for: violations of Sections 9(a) and 10(b) of the Exchange Act; violations of Sections 5(a), 5(c), and 17(a) of the Securities Act; violations of Rule 10b-5; and aiding and abetting violations of those provisions. (Doc. No. 1, Compl.) On September 22, 2020, the SEC filed an ex parte motion for a temporary restraining order against Defendants Sripetch, Knight, Patel, and Flores. (Doc. No. 6.)  On September 22, 2020, the Court granted the SEC's motion and entered the requested TRO.  (Doc. No. 12.)

On October 5, 2020, the Court held an order to show cause hearing.  At the hearing, the Court temporarily granted the SEC's motion for a preliminary injunction, and the Court converted the September 22, 2020 TRO into a preliminary injunction.  (Doc. No. 17.)

On January 19, 2021, the Court granted the United States of America's motion to intervene in the action for the limited purposes of moving for a stay, and the Court granted the United States' motion to stay the action pending the related criminal case <u>United States v. Sripetch</u>, 20-cr-160-H.  (Doc. No. 54 at 8.)  On December 19, 2023, the parties filed a joint status report. (Doc. No. 67.) On May 15, 2023, the parties filed a second joint status report.  (Doc. No. 72.)

On May 23, 2023, the Court lifted the stay, and the Court issued a scheduling order setting forth dates and deadlines for the action. (Doc. No. 73.) On June 26, 2023, the Court issued an amended scheduling order.  (Doc. No. 76.)

By the present motion, the SEC moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint. (Doc. No. 78.) Specifically, the SEC moves to amend its complaint: (1) to add a request for an officer and director bar against Defendant Wexler pursuant to section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2); (2) to add Defendant Knight to the existing seventh claim for relief (and amend proposed paragraph 108 of the complaint); (3) to add Defendant McAlpine to the existing eighth claim for relief; and (4) to add a tenth claim for relief pursuant to section 9(a)(2) of the Exchange Act, 15 U.S.C. § 78i(a)(2), against Defendant McAlpine. (Id.)

## Discussion

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

When determining whether to grant leave to amend, courts generally consider five factors, known as the Foman factors as stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Foman, 371 U.S. at 182; see Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., 316 F.3d at 1052.

The <u>Foman</u> factors weigh in favor of granting the SEC's motion. There is no evidence of bad faith or undue delay by the SEC. The proposed amendments do not appear to be futile. The SEC has not previously amended its complaint in this action, and there is no apparent prejudice to the Defendants at issue. Indeed, the SEC's motion is unopposed. As such, after weighing the <u>Foman</u> factors, the Court grants the SEC leave to file its proposed amended complaint. (<u>See</u> Doc. No. 78-1.)

## Conclusion

For the reasons above, the Court grants Plaintiff SEC's motion for leave to file an amended complaint. Plaintiff SEC must file its proposed first amended complaint (Doc. No. 78-1) **within seven (7) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: August 9, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT