# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ONGKARUCK SRIPETCH; AMANDA FLORES; BREHNEN KNIGHT; ANDREW MCALPINE, ASHMIT PATEL; MICHAEL WEXLER; DOMINIC WILLIAMS; ADTRON INC. a/k/a STOCKPALOOZA.COM; ATG INC.; DOIT, LTD.; DOJI CAPITAL, INC.; KING MUTUAL SOLUTIONS INC.; OPTIMUS PRIME FINANCIAL INC.; ORCA BRIDGE; REDLINE INTERNATIONAL; and UAIM CORPORATION,<br><br>Defendants. | Case No.: 20-cv-01864-H-AGS<br><br>**DEFAULT JUDGMENT AGAINST DEFENDANT DOMINIC WILLIAMS** |

Pursuant to the Court's January 22, 2024 order granting Plaintiff Securities and Exchange Commission ("SEC")'s motion for default judgment against Defendant Dominic Williams pursuant to Federal Rule of Civil Procedure 55(b), (Doc. No. 125), the Court enters the following final default judgment against Defendant Williams:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Williams is permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) Defendant Williams's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Williams or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Williams is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Williams is liable for a civil penalty in the amount of $18,750.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  Defendant Williams must make this payment within 30 days after entry of this Final Default Judgment.

Defendant Williams may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Williams may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which must be delivered or mailed to:

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and must be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dominic Williams as a defendant in this action; and specifying that payment is made pursuant to this Final Default Judgment.

Defendant Williams must simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Williams relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds will be returned to Defendant Williams.

The Commission may enforce the Court's final default judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant Williams must pay post judgment interest on any amounts due after 30 days of the entry of this Final Default Judgment pursuant to 28 U.S.C. § 1961.  The Commission will hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund will be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court will retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Default Judgment will be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Williams must not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Williams's payment of penalty in this action, argue that he is entitled to, nor will he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Williams's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Williams must, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment will not be deemed an additional civil penalty and will not be deemed to change the amount of the civil penalty imposed in this Final Default Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Williams by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court will retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Default Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

DATED: January 31, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT