UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ONGKARUCK SRIPETCH; AMANDA FLORES; BREHNEN KNIGHT; ANDREW MCALPINE, ASHMIT PATEL; MICHAEL WEXLER; DOMINIC WILLIAMS; ADTRON INC. a/k/a STOCKPALOOZA.COM; ATG INC.; DOIT, LTD.; DOJI CAPITAL, INC.; KING MUTUAL SOLUTIONS INC.; OPTIMUS PRIME FINANCIAL INC.; ORCA BRIDGE; REDLINE INTERNATIONAL; and UAIM CORPORATION,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-cv-01864-H-BJC<br><br>**ORDER DENYING DEFENDANT WEXLER'S MOTION TO STAY THE ACTION WITHOUT PREJUDICE**<br><br>[Doc. No. 199.] |

　　　On August 12, 2024, Defendant Michael Wexler filed a motion to stay this civil action pending resolution of parallel criminal proceedings. (Doc. No. 199.) On August 19, 2024, Plaintiff Securities and Exchange Commission ("SEC") filed a response in opposition to Defendant Wexler's motion to stay. (Doc. No. 210.) On August 19, 2024,

the Court took the matter under submission. (Doc. No. 212.) On August 29, 2024, Defendant Wexler filed a reply. (Doc. No. 213.) For the reasons below, the Court denies Defendant Wexler's motion to stay without prejudice.

### Background

### I. The Present Civil Action

On September 21, 2020, Plaintiff SEC filed a complaint against Defendants Sripetch, Amanda Flores, Brehnen Knight, Andrew McAlpine, Ashmit Patel, Michael Wexler, and Dominic Williams ("the Individual Defendants") and against Defendants Adtron Inc. aka Stockpalooza.com, ATG Inc., DOIT Ltd., Doji Capital, Inc., King Mutual Solutions Inc., Optimus Prime Financial Inc. ("Optimus"), Orca Bridge, Redline International, and UAIM Corporation ("the Entity Defendants"), alleging various claims for: violations of Sections 9(a) and 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78i(a) and 78j(b); violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), 77q(a); violations of Rule 10b-5, 17 C.F.R. § 240.10b-5; and aiding and abetting violations of those provisions. (Doc. No. 1, Compl.) The SEC alleges that, from at least August 2013 through at least February 2019, the Defendants worked as a network to engage in stock "scalping" schemes to manipulate the common stock of at least 20 companies. (Doc. No. 87, FAC ¶¶ 1, 31–33.) "Scalping" is "a known practice whereby the owner of shares of a security recommends that security for investment and then immediately sells it at a profit upon the rise in the market price which follows the recommendation." SEC v. Abellan, 674 F. Supp. 2d 1213, 1219 (W.D. Wash. 2009); see Lowe v. SEC, 472 U.S. 181, 224 (1985) (White, J., concurrence) (describing "scalping" as where "a person associated with an advisory service 'purchas[es] shares of a security for his own account shortly before recommending that security for long-term investment and then immediately sell[s] the shares at a profit upon the rise in the market price following the recommendation.'" (quoting SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 181 (1963))).

|   |   |
|---|---|
| 1 | On September 22, 2020, Plaintiff SEC filed an ex parte motion for a temporary restraining order against Defendants Sripetch, Knight, Patel, and Flores. (Doc. No. 6.) On September 22, 2020, the Court granted Plaintiff's motion and entered the requested TRO. (Doc. No. 12.) On October 5, 2020, the Court held an order to show cause hearing. At the hearing, the Court temporarily granted Plaintiff's motion for a preliminary injunction, and the Court converted the September 22, 2020 TRO into a preliminary injunction. (Doc. No. 17.)

On January 19, 2021, the Court granted the United States of America's motion to intervene in the action for the limited purposes of moving for a stay, and the Court granted the United States's motion to stay the action pending the related criminal case United States v. Sripetch, 20-cr-160-H.[1]  (Doc. No. 54 at 8.) On December 19, 2023, the parties filed a joint status report. (Doc. No. 67.) On May 15, 2023, the parties filed a second joint status report. (Doc. No. 72.) On May 23, 2023, the Court lifted the stay, and the Court issued a scheduling order. (Doc. No. 73.)

On August 9, 2023, the Court entered a bifurcated consent judgment as to Defendant Flores. (Doc. No. 84.) On August 14, 2023, Plaintiff SEC filed an amended complaint. (Doc. No. 87, FAC.) On September 11, 2023, the Court entered a bifurcated consent judgment as to Defendant Sripetch. (Doc. No. 92.) On October 5, 2023, Plaintiff SEC voluntarily dismissed entity Defendants DOIT Ltd., Doji Capital, Inc., King Mutual Solutions Inc., Optimus Prime Financial Inc., Orca Bridge, Redline International, and UAIM Corporation. (Doc. Nos. 94-100.) On December 5, 2023, Defendant Wexler filed an answer to Plaintiff's amended complaint. (Doc. No. 109.)

On January 8, 2024, the Court entered a final judgment as to Defendant Flores. (Doc. No. 124.) On January 31, 2024, the Court entered a final default judgment against |

---

[1]   The procedural history for the related criminal case is set forth below. See infra Order, Background, Section II.

Defendant Williams. (Doc. No. 129.) On February 12, 2024, the Court issued a scheduling order for the civil action. (Doc. No. 134.)

On April 17, 2024, the Court entered a final judgment as to Defendant Sripetch. (Doc. No. 172.) On April 29, 2024, the Court entered a final default judgment against Defendant Patel. (Doc. No. 174.) On May 1, 2024, the Court entered a final judgment as to Defendant McAlpine. (Doc. No. 177.) On July 24, 2024, Plaintiff SEC voluntarily dismissed entity Defendant Adtron Inc. (Doc. No. 196.) On August 19, 2024, the Court entered a final judgment as to entity Defendant ATG Inc. (Doc. No. 209.) By the present motion, Defendant Wexler moves to stay this civil action pending resolution of the related criminal case, United States v. Sripetch, 20-cr-160-H. (See Doc. No. 199-1 at 1.)

## II. The Related Criminal Action

On January 8, 2020, the United States of America filed an indictment against Defendants Sripetch, Wexler, Patel, and McAlpine. United States v. Sripetch, 20-cr-160-H, Docket No. 1 (S.D. Cal., filed Jan. 8, 2020). On that same day, arrest warrants were issued for all four of those defendants. Id., Docket Nos. 2–5.

In the indictment, Defendants Sripetch, Wexler, Patel, and McAlpine are charged with conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. Id., Docket No. 1. Defendant Sripetch is also charged with three counts of manipulative trading in violation of 15 U.S.C. §§ 78i(a)(1) and 78ff. Id. These charges are based on allegations that Defendants Sripetch, Wexler, and McAlpine conspired to engage in a pump-and-dump stock scheme as to VMS stock and allegations that Defendant Sripetch, Wexler, and McAlpine conspired to engage in a pump-and-dump stock scheme as to ARGW stock. Id.

On May 3, 2021, Defendant McAlpine pled guilty, pursuant to a written plea agreement, to count 6 of the indictment, conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. Id., Docket Nos. 65, 66, 67. On February 9, 2022, the Government filed a superseding information as to Defendant Sripetch, charging him with a single count of offer and sale of unregistered securities in violation of 15 U.S.C. §§ 77e(a)(1), 77x. Id.,

Docket No. 93. On February 9, 2022, Defendant Sripetch pled guilty, pursuant to a written plea agreement, to count 1 of the superseding information. Id., Docket Nos. 94, 95, 96, 97, 98. On July 11, 2022, Defendant Patel pled guilty, pursuant to a written plea agreement, to count 1 of the indictment, conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. Id., Docket Nos. 115, 118, 119, 126.

On August 1, 2022, the Court entered a judgment against Defendant Sripetch, sentencing him to 21 months in custody and three years of supervised release. Id., Docket No. 128. On December 13, 2023, the Court entered a second amended judgment against Defendant McAlpine, sentencing him to time served and ordering restitution in the total amount of $18,066.37. Id., Docket No. 195. On January 30, 2024, the Court entered a judgment against Defendant Patel, sentencing him to three years of probation and ordering restitution in the total amount of $41,953.26. Id., Docket No. 212. To date, Defendant Wexler has not been arrested, arraigned, or otherwise appeared in the criminal case. See generally id.

## Discussion

### I.   Legal Standard

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem[] to require such action." Id. (internal quotation marks omitted).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. A court "should generally consider the following factors:"

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a

>delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 324–25; see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007).

"'A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.' Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted); see also Chappell v. Thornell, No. CV-15-00478-PHX-SPL, 2024 WL 405068, at *5 (D. Ariz. Feb. 2, 2024) ("An indefinite stay 'should not be granted under normal circumstances.'"). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

## II.  Analysis

After considering the parties' arguments and the factors listed above, the Court declines to stay the action. First, the requested stay would be indefinite in nature. Defendant Wexler requests that the Court stay this civil action pending resolution of the related criminal case, (Doc. No. 199-1 at 1), but the related criminal case is not currently active and there is no guarantee that it will reach a resolution as to Defendant Wexler. Although Defendant Wexler is named in the indictment in the criminal case, Defendant Wexler has never been arrested and has never made an appearance in the criminal case. See generally United States v. Sripetch, 20-cr-160-H (S.D. Cal., filed Jan. 8, 2020). And there is no indication that Defendant Wexler will appear in the criminal case in the near future.[2] (See Doc. No. 210 at 2 ("Wexler is believed to be outside the United States and has not yet been extradited, let alone arraigned, on his four-year old criminal indictment."),

---

[2]   In his briefing, Defendant Wexler does not dispute these representations by the SEC nor does he represent that he will appear in the criminal case at any point in the near future. (See generally Doc. Nos. 199-1, 213.)

6

20-cv-01864-H-BJC

8 ("[W]hether Wexler will ever face active criminal prosecution remains unclear given that he remains outside the United States and the fact that he has yet to be extradited or arraigned despite the passage of four years since his criminal indictment.").)  In addition, a final judgment has been entered as to three other defendants named in the indictment. See Sripetch, 20-cr-160-H, Docket Entry No. 128, 195, 212.  Because Defendant Wexler has never appeared in the related criminal case and does not appear to be likely to do so in the near future, there is no basis for the Court to conclude that it is likely that the related criminal proceedings will be concluded within a reasonable time.  Therefore, the requested stay would be entirely indefinite in nature.  Because stays should generally not be indefinite in nature, this strongly weighs against staying the civil case.  See Dependable Highway, 498 F.3d at 1066; Chappell, 2024 WL 405068, at *5; see, e.g., Safeco Nat. Ins. Co. v. Corbett, No. CIV.A 7:09-CV-71(HL), 2009 WL 5031359, at *2 (M.D. Ga. Dec. 14, 2009) (denying motion to stay pending criminal proceedings on the grounds that "[a]n indefinite stay is not in the interest of either party or this Court"); S.E.C. v. Blockvest, LLC, No. 18CV2287-GPB(BLM), 2019 WL 1510912, at *4 (S.D. Cal. Apr. 5, 2019) (denying motion to stay pending criminal proceedings where the requested stay "'would effectively thrust the Court into an indefinite state of limbo'").

The timing of Defendant Wexler's motion also weighs against a stay.  The Court lifted its prior stay of the action on May 23, 2023 (Doc. No. 73); Defendant Wexler filed his answer on December 5, 2023 (Doc. No. 109); and the Court issued a scheduling order on February 12, 2024 (Doc. No. 134).  Yet Defendant Wexler waited until August 2024 to file the present motion to stay.  Importantly, Defendant waited until after he had obtained civil discovery from the SEC to file the present motion to stay.  (See Doc. No. 210 at 1, 3; Doc. No. 211, Dunnigan Decl. ¶¶ 2–4.)  As such, Defendant Wexler's delay in requesting a stay also weighs against staying the civil action.  See, e.g., PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1030 (N.D. Cal. 2014) (finding delay by moving party weighed against stay).

In addition, the SEC "has a strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws." Blockvest, 2019 WL 1510912, at *4 (citing S.E.C. v. Dresser Indus., Inc., 628 F.2d 1368, 1377 (D.C. Cir. 1980)). And "third party and the public interests do not support a stay as an expeditious resolution of the SEC enforcement proceeding [c]ould result in the return of investor funds if the SEC prevails." Id. at *5 (citing S.E.C. v. Chen, No. CV1507425RGKJPRX, 2016 WL 7444922, at *3 (C.D. Cal. Apr. 8, 2016) ("[I]nvestors and the general public will benefit if the SEC enforcement action proceeds through discovery to recover funds allegedly acquired through fraud.")); see also S.E.C. v. Secure Inv. Servs., Inc., No. 2:07CV01724GEBCMK, 2009 WL 982010, at *3 (E.D. Cal. Apr. 10, 2009) ("The public at large also has an interest in prompt resolution of cases involving violations of the Securities and Exchange Act.").

Defendant Wexler contends that, given that the parallel criminal action involves identical transactions, this civil action implicates his Fifth Amendment rights and that, absent a stay, he will be forced to choose between waiving his Fifth Amendment rights or invoking the Fifth Amendment at risk of negative evidentiary inferences in this civil case. (See Doc. No. 199-1 at 1, 9–13.)  The Court acknowledges that, due to the overlapping issues between the two cases, the present civil action implicates Defendant Wexler's Fifth Amendment rights.  (See id. at 2–7.)  Nevertheless, the Ninth Circuit has explained:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.  Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

Keating, 45 F.3d at 326.  In light of the above, the Court, exercising its sound discretion, declines to stay the civil action at this time.

/ / /

/ / /

/ / /

**Conclusion**

For the reasons above, the Court denies Defendant Wexler's motion to stay the present civil action without prejudice. If there is a material change in the status of the related criminal proceedings, United States v. Sripetch, 20-cr-160-H (S.D. Cal., filed Jan. 8, 2020), Defendant Wexler may renew his motion to stay.

**IT IS SO ORDERED.**

DATED: September 3, 2024

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT