1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ONGKARUCK SRIPETCH; AMANDA FLORES; BREHNEN KNIGHT; ANDREW MCALPINE, ASHMIT PATEL; MICHAEL WEXLER; DOMINIC WILLIAMS; ADTRON INC. a/k/a STOCKPALOOZA.COM; ATG INC.; DOIT, LTD.; DOJI CAPITAL, INC.; KING MUTUAL SOLUTIONS INC.; OPTIMUS PRIME FINANCIAL INC.; ORCA BRIDGE; REDLINE INTERNATIONAL; and UAIM CORPORATION,

Defendants.

Case No.:  20-cv-01864-H-BJC

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MICHAEL WEXLER**

[Doc. No. 227.]

On November 14, 2024, Austin Legal Group, APC ("ALG"), counsel for Defendant Michael Wexler in this action, filed a motion to withdraw as counsel for Defendant Wexler. (Doc. No. 227.)  On November 18, 2024, Plaintiff Securities and Exchange Commission ("SEC") filed a notice of non-opposition to ALG's motion to withdraw.  (Doc. No. 232.)

The Court held a hearing on the motion to withdraw on December 16, 2024. Christopher J. Dunnigan and Kristine M. Zaleskas appeared for Plaintiff SEC. Tamara L. Rozmus appeared for Defendant Wexler. For the reasons below, the Court grants ALG's motion to withdraw.

Rule 1.16(b) of the ABA rules governs permissive withdrawals of counsel and provides that "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."[1] Model Rules of Pro. Conduct r. 1.16(b)(6) (Am. Bar. Ass'n 2020). Rule 1.16(c) further provides: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." Id. r. 1.16(c).

"In federal court, '[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.'" Westhoff Vertriebsges mbH v. Berg, No. 22-CV-0938-BAS-SBC, 2024 WL 947803, at *1 (S.D. Cal. Feb. 14, 2024). "To determine whether counsel should be allowed to withdraw, courts consider '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" In re Saber, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022) (quoting Williams v. Cnty. of Fresno, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021)).

---

[1]    ALG's motion cites to the California Rules of Professional Conduct, not the ABA rules. (Doc. No. 227-1 at 2.) However, the ABA Model Rules of Professional Conduct apply to cases in the Southern District of California. See Stanz v. Brown, No. 3:22-CV-01164-GPC-JLB, 2024 WL 4267191, at *1 n.1 (S.D. Cal. Sept. 23, 2024); Suarez v. Del Toro, No. 22-CV-0021-GPC-BLM, 2023 WL 149105, at *2 (S.D. Cal. Jan. 10, 2023); see also Radcliffe v. Hernandez, 818 F.3d 537, 541 (9th Cir. 2016) ("[T]he Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation.").

Under the Court's Civil Local Rules, a motion to withdraw must: (1) be served on the adverse party and moving attorney's client; and (2) include a declaration pertaining to service of the motion.  S.D. Cal. Civ. L.R. 83.3(f)(3).  "Failure to make service as required . . . or to file the required declaration of service will result in a denial of the motion."  Id.

As an initial matter, the present motion to withdraw complies with the Court's Civil Local Rules.  ALG attached to its motion to withdraw, a declaration stating that Plaintiff SEC was served with the motion to withdraw via the Court's ECF filing system, and Defendant Wexler was served with the motion to withdraw via email and mail to his last known physical address.  (See Doc. No. 227-2, Rozmus Decl. ¶¶ 4-7.)  This is sufficient to comply with Civil Local Rule 83.3(f)(3).

Turning to the merits of the motion, defense counsel has provided the Court with a declaration from attorney Tamara L. Rozmus stating that Defendant Wexler "materially breached the Legal Services Agreement ("LSA") such that it is unreasonably difficult for me to perform services as Mr. Wexler's counsel."  (Doc. No. 227-2, Rozmus Decl. ¶ 3; see also Doc. No. 227-1 at 2-3.)  This is a sufficient reason for permitted ALG to withdraw as counsel for Defendant Wexler.  See Model Rules of Pro. Conduct r. 1.16(b)(6); see also Cal. Rules of Pro. Conduct r. 1.16(b)(4)–(5).  It does not appear that permitting the withdraw would cause any harm to any of the other litigants in this action.  Indeed, the adverse party here, Plaintiff SEC, has filed a notice of non-opposition to ALG's motion to withdraw.  (Doc. No. 232.)  Nor is there any reasons to believe that the withdraw will unnecessarily delay resolution of this case or harm the administration of justice.

For the reasons above, the Court grants ALG's motion to withdraw.  Austin Legal Group, APC – including attorneys Gina M. Austin and Tamara L. Rozmus – is withdraw as counsel of record for Defendant Michael Wexler in this action.  The Court orders the Clerk of Court to terminate Ms. Austin and Ms. Rozmus as counsel of record for Defendant Wexler from the CM/ECF docket.

ALG must file a notice providing the Court with Defendant Wexler's phone number, email address, and last known physical mailing address **within seven (7) days from the**

**date this order is filed**.  In addition, **within seven (7) days from the date this order is filed**, ALG must provide Defendant Wexler via mail and email with: (1) a copy of this order; (2) a copy of the Court's December 16, 2024 order granting Plaintiff SEC's motion for summary judgment; and (3) the following links along with an advisement that if he decides to represent himself and proceed *pro se* in this civil action, he must file a motion for leave to electronically file (e-file) documents in order to electronically file documents in this civil action.  See https://www.casd.uscourts.gov/Prose/Prose-FilingInfo.aspx; see also https://www.casd.uscourts.gov/ProSe.aspx

The Court schedules a telephonic status hearing for **Monday, January 6, 2025** at **10:30 a.m.**  ALG must appear at the status hearing.  The filing of a declaration stating that ALG has satisfied all the requirements set forth above in this order will result in the Court vacating the status conference.

**IT IS SO ORDERED.**

DATED: December 16, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT